Stephen Van Schoyk, plff in error, Samuel vs. Jacoby, deft in error

A party is not entitled to a rule to assign errors, until the writ of error has been returned and filed. Until this is done, the court of review does not become possessed of the cause.

*Motion by plaintiff in error to set aside judgment of non pros. and subsequent proceedings on the part of defendant in error.*—This action was commenced in a Justice's Court, and judgment rendered for defendant in error; an appeal was brought to the Court of Common Pleas of Delaware county, and judgment rendered for defendant in error, in January, 1843; a writ of error was brought by plaintiff in error on the last judgment to this court, 28th February, 1843. While proceedings were being had to bring the judgment in review before this court and on the 21st March last, the parties settled all claims, dues and demands between them, including said judgment, and passed receipts;—Also agreed that the writ of error in this cause should be no further prosecuted; the writ of error and return was not filed with the clerk of this court on the date of this motion; on the 9th September last defendant in error entered judgment against plaintiff in error, in this court. On the part of defendant in error, it appears that this judgment was assigned to de-

fendant's attorney to pay for services, as attorney and counsel in this cause. Defendant's attorney gave notice to plaintiff in error on 20th November, 1843, that said judgment and costs belonged to him, and that plaintiff in error must not settle with defendant or any other person, that defendant's attorney should hold him liable for the whole amount. On the 28th September, 1843, defendant's attorney entered a rule requiring plaintiff's attorney to transcribe the record and proceedings in eight days 50] and gave notice. It also appears that on the last December, 1843, the clerk of the county made return to said writ of error and let one of plaintiff's attorneys have it to transcribe, and then to file with the clerk of this court. On the 14th March last, defendant's attorney entered the usual rule for plaintiff to assign errors, and served notice on plaintiff's attorneys; on the 13th of May last defendant's attorney entered plaintiff's default for not assigning errors, and on the 9th September last perfected his judgment.

A. Taber, *Plff's Counsel,*  Lusk & Palmer, *Plffs Attys.*
A. K. Maynard, *Defts Counsel.*  A. K. Maynard, *Defts Atty.*

*Per Curiam.*—The defendant is not entitled to a rule to assign errors until the writ of error has been returned and filed—until that is done the Court of Review does not become possessed of the cause. In this case the writ of error was never returned; and yet the defendant has ruled the plaintiff to assign errors, entered his default and perfected a judgment of *non pros.* This was clearly irregular, and the judgment must be set aside. The defendant had reason to believe the writ had been returned, but that only goes to the question of giving costs on this motion. So too the alleged delay of the plaintiff in moving may go to the question of costs, but the case is not put that the motion can be wholly denied on the ground of delay. There is a further objection to the judgment: It was entered after the matter had been settled by the parties; and here a question is made about the attorney's lien for costs, or his claim as assignee of the original judgment. He says, the judgment was assigned to him, but does not say when ; it is a little uncertain on the papers whether he means to assert any thing more than a lien. Nothing is decided in relation to this branch of the case, should it come up again the facts will probably be more clearly set forth. Under the special circumstances of the case no costs are ordered.

*Decision.*—Ordered that the default of the plaintiff in error for not assigning errors and all subsequent proceedings on the part of defendant in error, including the judgment of non pros. be set aside for irregularity.